# UNITED STATES DISTRICT COURT
# FOR THE
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CARMEN LOPEZ, ) | |
| ) | |
| Plaintiff ) | **Case No.:** |
| ) | |
| v. ) | **COMPLAINT AND DEMAND FOR** |
| ) | **JURY TRIAL** |
| FOCUS RECEIVABLES ) | |
| MANAGEMENT, ) | **(Unlawful Debt Collection Practices)** |
| ) | |
| Defendant ) | |

## **COMPLAINT**

CARMEN LOPEZ ("Plaintiff"), by and through her attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against FOCUS RECEIVABLES MANAGEMENT ("Defendant"):

## **INTRODUCTION**

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* ("FDCPA").

## **JURISDICTION AND VENUE**

2. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28

U.S.C. §1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3. Defendant conducts business in the Commonwealth of Massachusetts and as such, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. §1391(b)(2).

**PARTIES**

5. Plaintiff is a natural person residing in Springfield, Massachusetts 01108.

6. Defendant is a debt collection company with its principal office located at 1130 Northchase Parkway, Suite 150, Marietta, GA 30067.

7. Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), and sought to collect a consumer debt from Plaintiff.

8. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

**FACTUAL ALLEGATIONS**

9. At all pertinent times hereto, Defendant was hired to collect a consumer debt and contacted Plaintiff in its attempts to collect that debt.

10. Upon information and belief, the debt that Defendant was attempting to collect arose out of transactions that were primarily for personal, family, or

household purposes.

11. By way of background, Defendant began to place repeated harassing telephone calls to Plaintiff on her cellular telephone in August 2015.

12. At that time, Plaintiff told Defendant to stop calling her.

13. However, Defendant continued to call Plaintiff's cellular telephone between September 2015 and November 2015, on average, twice per week, in its attempts to collect the personal debt.

14. Defendant has placed telephone calls to Plaintiff including but not limited to, (866) 664-2513. The undersigned has confirmed that this telephone number belongs to Defendant.

15. Once Defendant knew its calls were unwanted any further calls could only have been placed for the purpose of harassment.

16. Defendant's telephone calls to Plaintiff's cellular telephone were frequently placed at times known to be inconvenient, including after 9:00 p.m. local time.

17. After Plaintiff's requests to stop the calls were ignored by Defendant's collectors, she had no other viable option but to block calls from Defendant's number through an application on her mobile device.

18. Defendant's actions as described herein were made with the intent to harass, upset, and coerce payment from Plaintiff.

## COUNT I
## **<u>DEFENDANT VIOLATED §1692d and §1692d(5) OF THE FDCPA</u>**

19. A debt collector violates §1692d of the FDCPA by engaging in conduct of the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

20. A debt collector violates §1692d(5) of the FDCPA by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

21. Here, Defendant violated §1692d and 1692d(5) of the FDCPA by calling Plaintiff's cellular telephone on a repetitive basis, despite Plaintiff demanding that Defendant stop contacting her.

## COUNT II
## **<u>DEFENDANT VIOLATED §1692c(a)(1) OF THE FDCPA</u>**

22. A debt collector violates §1692c(a)(1) of the FDCPA by contacting Plaintiff at a time known to be inconvenient, including before 8:00 a.m. and/or after 9:00 p.m.;

23. Here, Defendant violated §1692c(a)(1) of the FDCPA by contacting Plaintiff at a time known to be inconvenient including after 9:00 p.m. local time.

WHEREFORE, Plaintiff, CARMEN LOPEZ, respectfully prays for a judgment as follows:

a. All actual damages suffered pursuant to 15 U.S.C. § 1692k(a)(1);

b. Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);

c. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. § 1693k(a)(3); and

d. Any other relief deemed appropriate by this Honorable Court.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, CARMEN LOPEZ, demands a jury trial in this case.

RESPECTFULLY SUBMITTED,

Date: 10/17/2016              By: /s/ Craig T. Kimmel
                              Craig T. Kimmel, Esquire
                              Kimmel & Silverman, P.C.
                              30 East Butler Pike
                              Ambler, PA 19002
                              Phone: (215) 540-8888
                              Facsimile: (877) 788-2864
                              Email: kimmel@creditlaw.com